The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN MARTIN,

                              Plaintiff,

        v.

JOHNSON CONTROLS FIRE
PROTECTION, LP,

                              Defendant.

No.  2:19-cv-00514-RAJ

PLAINITFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND
PETITION FOR ATTORNEYS' FEES
AND COSTS

NOTE ON MOTION CALENDAR:
JANUARY 11, 2022

## I.   RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 23(e), Plaintiff Brian Martin, individually and as representative of the certified Class in this case, requests an order that (1) preliminarily approves a class-wide settlement of Plaintiff's claims against Defendant Johnson Controls Fire Protection, L.P., (2) approves the Notice of Proposed Settlement to be sent to the Class Members, and (3) schedules a final fairness hearing at least seventy-five (75) days from the date of any preliminary approval. This relief should be granted because the settlement provides fair, reasonable, and adequate relief to the Class.

This pleading and the accompanying declaration also serve as Class Counsel's request for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(h). Plaintiff so moves

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

in order to allow notice to and review by the Class, but respectfully asks that the Court defer final ruling on such petition until the final fairness hearing.

Defendant has reviewed and does not oppose this motion. Declaration of Adam J. Berger ¶1.

## II.    STATEMENT OF FACTS

### A.    Procedural and Factual Background.

Plaintiff filed this lawsuit in King County (Washington) Superior Court on March 5, 2019, alleging that Johnson Controls had violated the Washington Prevailing Wage Act, RCW 39.12, and associated state wage laws and contracts by failing to pay its employees for testing and inspection work on fire alarm and fire suppression systems in state and local public buildings in Washington state. Johnson Controls timely removed to this Court.

On August 17, 2020, this Court granted Plaintiff's contested motion to certify a litigation Class composed of all individuals employed by Johnson Controls to conduct fire alarm, sprinkler, and fire suppression system testing and inspections in state and local government buildings in the State of Washington at any time between March 5, 2016 and August 17, 2020. Dkt. #37. Class Counsel subsequently mailed notice of the pending class action to all putative class members, and two individuals submitted timely requests for exclusion. Dkt. #43.

Following class certification, the parties continued discovery in the case, including production of comprehensive timekeeping, payroll, and project data and thousands of pages of employee timesheets in Excel and PDF format. Berger Dec. ¶3. Plaintiff engaged an economics expert, Louis Lanier, Ph.D., who had previous experience with Defendant's records, to

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 2
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

calculate asserted damages. *Id.*, ¶5. Dr. Lanier based his calculations primarily on the "ACE" project-level data maintained by Johnson Controls, supplemented by the other data sets and timesheets. *Id.*, ¶6. Dr. Lanier submitted his expert report on July 22, 2021. *Id.*

After production of Dr. Lanier's report, the parties began direct settlement negotiations that extended over a period of several months and included reinterrogation of the data and upward revision of some of Dr. Lanier's calculations. Berger Dec. ¶7. These arms' length negotiations culminated in execution of the proposed Settlement Agreement on December 23, 2021. *Id.*

**B.    The Proposed Settlement.**

A copy of the parties' proposed Settlement Agreement is attached as Exhibit 1 to the accompanying Berger Declaration. The key terms of the agreement are as follows:

1.    <u>Gross Settlement Fund ($1,590,000)</u>.  Johnson Controls agrees to establish a Gross Settlement Fund of $1,590,000 to cover Class Member claims for back-pay and prejudgment interest and any Court-awarded fees and costs to Class Counsel, the Class Representative, and the Third Party Settlement Administrator.

2.    <u>Allocation of Net Settlement Fund</u>. The net Settlement Fund, after deduction of any Court-awarded fees and costs, will be allocated pro rata among Class Members according to the Dr. Lanier's calculations. Those calculations take into account such factors as the number of actual labor hours recorded by individual Class Members on testing and inspection projects in state and local public buildings, the type of project (*e.g.*, fire alarm, sprinkler), the county in which the project was located, the time period when the work was performed, the applicable prevailing wage rate for the county and time period, and the wages actually paid to the Class Members. Berger Dec. ¶14. Each Class Member will receive a minimum payment of

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 3
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

at least $250 from the Settlement Fund regardless of the results of these calculations. *Id.*, ¶15. Individual settlement awards will be divided equally between back wages and prejudgment interest. Class Members will not need to submit any claim form or documentation to receive their individual settlement awards.

3.      Prospective Relief. Johnson Controls agrees that beginning on or before the date of the Settlement it will pay prevailing wages under Washington law for testing and inspection work on fire alarm and fire suppression system (except fire extinguishers) on state and local public works in Washington state, unless and until there is a determination by the Washington Department of Labor and Industries or a court of competent jurisdiction that the Washington Prevailing Wage Act does not require such payments. Berger Dec. ¶16.

4.      Attorneys' Fees and Costs. As described more fully below, Class Counsel seeks an attorneys' fee award of 25% of the Gross Settlement Fund, or $397,500, plus actual litigation costs not to exceed $45,000. Johnson Controls does not oppose this award.

5.      Class Representative Fee. Plaintiff seeks an award of $20,000 from the Gross Settlement Fund in recognition of his service to the Class, his time and efforts spent on this litigation, and in exchange for his grant of a general release to Johnson Controls.

6.      Third Party Administration. The parties ask the Court to appoint ILYM Group, an experienced third party administrator, to administer the settlement, including establishing a qualified settlement fund and distributing class notice, settlement checks, and tax documents to Class Members. ILYM's estimated fees and costs will not exceed $15,000, which would be paid from the Gross Settlement Fund. Berger Dec. ¶38.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 4
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

7.      <u>Class Member Notice, Objections, and Opt-Outs.</u> A copy of the proposed Notice of Proposed Settlement is attached as Exhibit 2 to the accompanying Berger Declaration. The Settlement Administrator would mail the Notice to the last known valid addresses of all Class Members within 30 days of the order granting preliminary approval. Returned notices will be re-mailed using forwarding addresses obtained by the Settlement Administrator or Class Counsel using reasonable search efforts. Class Members will have 30 days from the date the notice is mailed to object to the settlement terms.

As discussed further below, the parties do not believe that a second opt-out period is necessary or warranted as a condition of settlement approval. However, in the event the Court orders a second exclusion opportunity pursuant to Fed. R. Civ. P. 23(e)(4), the proposed Notice includes provisions relating to opt-out requests, which must be made within 30 days of the Notice date. The provisions relating to opt-out requests are highlighted in the proposed Notice and would be redacted unless the Court orders a second opt-out opportunity.

8.      <u>Residual Funds/Reversion.</u> Any residual funds remaining as a result of uncashed or undeliverable settlement checks will be distributed 50% to the Legal Foundation of Washington, which funds equal access to justice programs in Washington state, and 50% to the Fair Work Center, a Seattle-based non-profit that educates and advocates for workers' rights in Washington. No funds will revert to Johnson Controls.

9.      <u>Release of Claims</u>. Under the parties' proposed Settlement Agreement, all Class Members will be held to have released all statutory, common law, and contract-based wage claims that arise from the facts and circumstances alleged in Plaintiff's Complaint from March

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 5
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

5, 2016 (the beginning of the certified Class Period) until the date the settlement is approved by the Court. Plaintiff Brian Martin has agreed to a general release.

10.  <u>Final Approval.</u> Plaintiff will file pleadings in support of final approval no later than seven (7) calendar days before the Final Fairness Hearing, after having provided an opportunity for defense counsel to review. At the Final Fairness Hearing, the Court will be asked to enter a final order approving the settlement and dismissing the case.

## III.   DISCUSSION

### A.   The Proposed Settlement Is Fair, Adequate, And Reasonable.

"As a matter of express public policy, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters." *Arthur v. Sallie Mae, Inc.*, C10-0198JLR, 2012 WL 90101, *6 (W.D. Wash. Jan. 10, 2012) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned")). Even so, the Court must satisfy itself that the proposed settlement is fair, adequate, and reasonable to the class. *Id.*; *see also* Fed. R. Civ. P. 23(e). In conducting such analysis, federal courts consider the following factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). Plaintiff addresses the relevant factors in turn,

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 6
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

cognizant that the Court must revisit the issue after Class Members have an opportunity to object.

### 1.      The Strength of Plaintiff's Case.

Plaintiff maintains that significant evidence supports his claim that testing and inspection work must be paid at prevailing wages under Washington law. However, Plaintiff acknowledges the risk inherent in any litigation. Berger Dec. ¶17. In this case, specific risks include:

- Defendant's contention that testing and inspection of fire sprinklers and other fire suppression systems is not covered by any prevailing wage rate under the Prevailing Wage Law. The Department of Labor & Industries description of the job classification for "Sprinkler Fitters" states, "For purposes of the Washington state public works law . . . sprinkler fitters perform the installation, adjustments and corrections, maintenance, repair and dismantling of all fire protection and fire control systems." WAC 296-127-01375. "Inspection" is not included in the job classification. In contrast, the job classification for "Electronic Technicians" states in relevant part, "electronic technicians install, operate, ***inspect***, maintain, repair, and service . . . (c) Fire alarm and burglar systems." WAC 296-127-01322 (emphasis added). Defendant contends that the omission of "inspection" from the Sprinkler Fitter classification was intentional and establishes that such work is not covered by any prevailing wage under the Prevailing Wage Law.

- Defendant's contention that the prevailing wage rates set by the Department of Labor & Industries, and which were used to calculate the back wages, are improper under the ruling by the Washington Court of Appeals in *Associated General Contractors of Washington v. State*, 19 Wash.App.2d 99, 112 (2nd Div., 2021) *petition for review granted,* -- Wash. --, 2022 WL 43665 (Jan. 5, 2022). The Court held that the 2018 amendment to the Prevailing Wage Law, which changed the methodology under which the Prevailing Wage Rates are determined, is unconstitutional under the Washington State Constitution. Defendant's position is that this now-invalid amendment resulted in higher prevailing wage rates than would have been in place if the former methodology had been used.

- Defendant's contention that at least half the work on fire alarm inspections falls outside the scope of the Prevailing Wage Act, because the inspection team

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 7
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

member at the main panel does not engage in manual labor and engages only in minimal, if any, tool use.

- Defendant's contention that the "Solo" kit used by the other team member during a fire alarm inspection is not a "tool," and therefore this work as well falls outside the Prevailing Wage Act.

- Defendant's contention that employees inspecting wet sprinkler systems do not routinely need to use hand tools and thus do not fall within the scope of the Prevailing Wage Act, even assuming that testing and inspections of such systems were covered by any prevailing wage.

- The possibility of intervening determinations by the Washington Department of Labor and Industries or the Washington state courts that might affect the applicable standards under the Prevailing Wage Act.

Berger Dec. ¶ 18; *see also* Dkt. #29 (Defendant's Opposition to Plaintiff's Motion for Class Certification). Plaintiff disputes all of these contentions, but the recovery for the Class would be greatly reduced or eliminated altogether if Defendant were to prevail on any of these arguments. Berger Dec. ¶18.

> ## 2. The Risk of Maintaining/Obtaining Class Status and Expense of Further Litigation.

As to the next two factors, Plaintiff does not believe there is a significant risk in maintaining class status through trial, but acknowledges Defendant's argument that variations in tasks between different fire alarm and suppression systems and inspections pose individualized questions that predominate in the determination of prevailing wage coverage. Berger Dec. ¶19. Similarly, although Plaintiff has incurred many of the expenses of litigation to date, trial of this matter, in the absence of settlement, would significantly increase costs, including costs for expert testimony and preparation and presentation of evidence at trial. *Id.*, ¶20.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 8
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

In the absence of settlement, ongoing litigation and appeal is a near certainty. This presents risk and uncertainty for both parties. The Class faces the risk of recovering nothing at all; and Johnson Controls faces the risk of increased exposure if the Class were to prevail, plus the risk that an adverse decision that could impact its operations outside Washington. *Id.*, ¶¶21. Such "all or nothing" prospects weigh in favor of approval. *See In re Toys R Us-Delaware*, 295 F.R.D. 438, 452 (C.D. Cal. 2014) (citing, *inter alia*, *Glass v. UBS Financial Services, Inc.,* No. C–06–4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007)); *see also Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) ("When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened.").

### 3.      Amount Offered In Settlement.

After deduction the requested attorneys' fees and costs, Class Representative fee, and settlement administration costs, the net Settlement Fund still would represent a significant portion (approaching 100%) of the back wages calculated by Plaintiff as owed to Class Members, even assuming that the rates used to calculate the back wages are correct. Berger Dec. ¶13. The discount from full recovery, if any, would be minor and is more than reasonable in light of the risks inherent in litigation and the specific risks to recovery outlined above. *Id.*, ¶22.

The allocation plan – based on Dr. Lanier's damages calculations – is likewise fair and reasonable. This plan seeks to allocate the net Settlement fund to the greatest extent possible based on the actual wages allegedly owed to each Class Member as determined from the available data and taking into account relevant facts including the amount of testing and

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 9
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

inspection work recorded by Class Members in state and local government buildings during the Class Period, the type of project (*e.g.*, fire alarm or sprinkler), the county and time periods in which work was performed, and the difference between the applicable prevailing wage rates (as asserted by Plaintiff) and the wages actually paid to the Class Members. Berger Dec. ¶14. At the same time, to ensure basic equity in treatment, Class Members are guaranteed a minimum payment of $250, even if their calculated damages are $0.[1]

Finally, Class Members are not required to submit a claim form or any other paperwork to receive their settlement awards. The simplicity of this distribution process also favors approval of the settlement.

### 4. The Extent of Discovery/Stage of Proceeding.

Over the course of the litigation, the parties have exchanged significant discovery, including comprehensive production of timekeeping, payroll, and project data, hundreds of pages of paper discovery, and motions practice including a contested motion for class certification. Berger Dec. ¶¶2-3. In addition, Plaintiff's counsel has engaged in extensive investigation outside the formal discovery process, including detailed interviews with more than a dozen Class Members, owners and staff of several other testing and inspection companies, and relevant trade union agents, and research into training videos and similar materials detailing the tasks involved in fire alarm and suppression system testing and inspections. *Id.*, ¶4. Plaintiff's counsel also obtained and reviewed extensive litigation files

---

[1] In most instances, the wage rate already paid by Johnson Controls exceeded the prevailing wage rate for electronic technicians, which Plaintiff has asserted is the applicable prevailing wage rate for fire alarm inspections. *See* WAC 296-127-01322(1)(c). Therefore, Class Members who performed only fire alarm inspections, and not sprinkler inspections, could well have $0 damages. Berger Dec. ¶15.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 10
(Case No. 2:19-cv-00514-RAJ)

from prevailing wage lawsuits brought against Defendant in other states, which elucidated Defendant's record-keeping systems, compensation practices, and the job duties of inspectors. *Id.* Defendant's counsel in this case also represented the company in some of those other lawsuits. *Id.*, ¶9. Thus, both parties have gathered more than sufficient information to make informed decisions on settlement. *Id.*, ¶¶8-9.

### 5. The Experience and Views of Counsel.

Plaintiff's counsel is experienced in wage and hour class litigation, including litigation under prevailing wage laws, as is defense counsel. *See* Berger Dec. ¶¶8-9. When experienced and skilled class counsel support a settlement, their views are given great weight. *See Reed v. Gen. Motors Corp.,* 703 F.2d 170, 175 (5th Cir.1983).

### B. The Attorneys' Fee And Cost Award Requested by Plaintiff's Counsel Is Reasonable.

The Settlement Agreement permits Class Counsel to request an attorneys' fee award of 25% of the Gross Settlement Fund, or $397,500, plus actual litigation costs, which presently stand at $34,287.66. The Settlement is not contingent on the Court's approval of this requested award.

Under Washington law, the percentage approach ordinarily applies to common fund cases. *See Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450-51 (Wash. 1993).[2] However, even when awarding fees on a percentage basis, the federal courts often engage in a lodestar cross-check. Under either method, the award requested here is reasonable given the

---

[2] In assessing the reasonableness of attorneys' fee awards, this Court looks to Washington law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 11
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

extent of the litigation and the recovery obtained for the Class. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.").

### 1.   Percentage of Recovery Analysis.

The typical percentage range of attorneys' fees in a common fund recovery is between 20% and 33%. *See Bowles*, 847 P.2d at 450 (citing 3 *Newberg on Class Actions* § 14.03 for the proposition that 20 to 30 percent is the usual range for fee awards in a common fund action); 4 *Newberg on Class Actions* § 14:6 (4th ed. online) ("common fee awards fall in the 20 to 33 per cent range" and "empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"); Goodrich, F. & Silber, R., *Common Fund and Common Fund Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 548-49 (Summer 1998) ("The percentage awarded should mimic the market…. In non-class litigation, one-third contingency fees are typical.") (quoted in 4 *Newberg on Class Actions* § 14:6 (4th ed. online)). Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles,* 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047.

The fee requested here follows the 25% benchmark and is less than counsel would recover in a typical contingent fee case. Berger Dec. ¶24. The proposed settlement was reached only after extensive investigation and litigation and on the eve of trial. The recovery achieved for Class Members represents a significant portion of the damages alleged. Moreover, Class Members who are still employed by Johnson Controls will receive additional benefits from

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 12
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Defendant's agreement to pay prevailing wages prospectively from the date of settlement. Thus, there is no reason to deviate downward from the benchmark figure in awarding fees.

### 2.   Lodestar Method

As a cross-check on the percentage award, the Court may consider counsel's lodestar in assessing reasonableness. *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 547 (9th Cir. 2016).

The lodestar method is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 201-202 (Wash. 1983). The starting point for determining a reasonable hourly rate is the attorney's established rate. *Id.* at 203. In cases involving vindication of employee rights, courts typically apply counsel's *current* rates, as opposed to *historic* rates in effect during the litigation. *See Steele v. Lundgren*, 982 P.2d 619, 626-27 (Wash. 1999). The Court may also rely on its own knowledge and experience regarding hourly rates charged in the area in which it presides. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, Plaintiff's primary attorneys are Mr. Berger and Mr. Whitehead, both of whom are experienced trial counsel in wage and hour and class matters. Berger Dec. ¶¶26-31. Their current billing rates are $550 and $500, respectively. *Id.*, ¶32. Recently, Judge Robert Bryan in Tacoma approved these rates following a three-week jury trial in *Nwauzor v. The GEO Group*, in which Mr. Whitehead and Mr. Berger were trial counsel for a class of detained immigrants asserting claims under the Washington Minimum Wage Act. *Id.* & Ex. 4. *See also Coachman v. Seattle Auto Management*, No. 2:17-cv-00187-RSM, Dkt. #130 (finding $495/hour a reasonable rate for plaintiff's counsel who graduated from law school in 1999,

and $550/hour for counsel who graduated from law school in 1990). Judge Bryan also found that an hourly rate of $170 is reasonable for the same paralegals who worked on this case. Berger Dec. ¶33, Ex. 4. *See also Stewart v. Snohomish Cty. Pub. Util. Dist. No. 1*, C16-0020-JCC, 2017 WL 4538956, at *1 (W.D. Wash. Oct. 11, 2017) (approving paralegal rates between $145 and $240 as reasonable).

Plaintiff's counsel and staff have expended approximately 240 hours litigating this dispute up through the time of filing the instant motion. The specific hours expended and work performed are set forth in detail in Exhibit 3 to the accompanying Berger Declaration. The time expended is eminently reasonable given the duration of the dispute and the nature and complexity of the issues in the case.

As shown in Exhibit 3, counsel's current lodestar is $87,837.00 under the hourly rates and hours described above. We anticipate incurring up to another $10,000 in lodestar fees through the conclusion of the litigation, including time spent on the final approval papers, responding to Class Member inquiries, and overseeing and assisting in settlement administration. The final lodestar would be approximately 25% of the percentage award requested. Courts in the Ninth Circuit and this district have found that multipliers of four times or more the lodestar are appropriate and not unusual when cross-checking the reasonableness of a percentage-based fee. *See Vizcaino*, 290 F.3d at 1051 n.6 (citing *In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283, 341 (3d Cir. 1998), and  3 Newberg § 14.03 at 14-5). The fact that counsel pursued this case on a contingent fee basis, with no guarantee of payment, also supports application of a multiplier. *See Kerr. Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *Bowers*, 675 P.2 at 201-02. The requested award falls within the range of

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 14
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

multipliers recognized by the courts as appropriate for lodestar cross-checks and should be preliminarily approved.

### 3.    Costs

In addition to their time, Class Counsel has advanced costs in the amount of $34,287.66 to date, again risking that none of it would be recovered if the litigation were unsuccessful. Berger Dec. ¶35, Ex. 3. These costs were primarily spent on expert analysis of Defendant's data, deposition costs, and legal research, and are eminently reasonable given the duration, size and complexity of the data and the case. Plaintiff anticipates incurring up to $10,000 in additional costs through the conclusion of the case, including potentially additional expert fees related to calculating allocation of individual settlement awards.

Plaintiff respectfully submits that the above-described attorneys' fee and cost component of the proposed Settlement Agreement should be preliminarily approved as reasonable and described in the Notice to the Class.

### C.    The Proposed Class Representative Fee Is Reasonable.

Subject to Court approval, the named Plaintiff Brian Martin will receive an additional $20,000 as an incentive award for his time and effort in representing the Class. Such treatment of class representatives is warranted and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, No. C98–1646C, C93–0178C, 2001 WL 34089697, *12 (W.D. Wash. March 26, 2001). The incentive payment recognizes, among other things, the benefits obtained for the Class through Plaintiff's efforts, the time he devoted to the case, which included responding to Defendant's discovery, sitting for a full day deposition, assisting counsel in identifying witnesses and obtaining documents, and closely participating in the settlement negotiations.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 15
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Berger Dec. ¶¶36-37. Absent such awards, workers would be reluctant to subject themselves to such drawn-out litigation on behalf of a class, even where the benefits for the class and the public interest are significant. *Id.*, ¶36. The result would be less robust enforcement of the wage and hour laws that Washington courts describe as having the highest public policy aims. *See Drinkwitz v. Alliant Techsystems, Inc.*, 996 P.2d 582, 586-588 (Wash. 2000) (discussing liberal construction afforded the Washington Minimum Wage Act and the "long and proud history" of being a pioneer in employee rights). In addition, Mr. Martin is giving Johnson Controls a general release of claims significantly broader than the release provided by the other Class Members, further justifying a meaningful incentive award.

As with the attorneys' fee award, the Settlement is not contingent on Court approval of any particular amount of class representative payment, and final approval of the award will occur at the Final Fairness Hearing. This request should be preliminarily approved at this time and described in the Notice to the Class.

**D.      The Proposed Notice Satisfies Rule 23 And Due Process.**

**1.      Method of Giving Notice.**

Generally, a settlement notice must in substance be reasonably calculated to apprise Class Members of the terms of the settlement and the opportunity to present objections. In the present case, a Notice of Proposed Settlement will be sent by first-class mail to all Class Members. Berger Dec., Ex. 2. Class Member addresses will be updated prior to mailing, and the Settlement Administrator and Class Counsel will undertake reasonable efforts to locate any Class Members whose notices are returned as undeliverable. These steps are reasonably calculated to apprise Class Members of the proposed settlement and thus satisfy the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 16
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

requirements of Rule 23 and due process. *See Weinberger v. Kendrick*, 698 F.2d 61, 71 (2nd Cir. 1982) (mailing notice to each member's last known address constitutes appropriate notice).

### 2.      Contents of the Notice.

To comply with Rule 23(c) and (e), the notice must describe: the nature of the action; the class claims, issues, or defenses; the proposed settlement terms; the binding effect of the settlement on members; and the process for lodging objections and being heard at the Final Fairness Hearing. The attached notice addresses all of these items and should be approved. *See* Ex. 2.

### 3.      No Second Opt-Out Period Is Required.

Fed. R. Civ. P. 23(e)(4) provides that a court may condition approval of a proposed settlement on behalf of an already certified class on provision of a second opportunity to request exclusion by the class members. However, the Ninth Circuit repeatedly has held that neither due process nor Rule 23 require a second opt-out period where, as here, class members had the opportunity to request exclusion when the class was first certified. *See Officers for Justice v. Civil Service Commission of San Francisco,* 688 F.2d 615, 635 (9th Cir. 1982) (holding there is "no authority of any kind suggesting that due process requires that members of a Rule 23(b)(3) class be given a second chance to opt out. We think it does not."); *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121–22 (9th Cir. 2018) (rejecting class member's argument that due process requires a second opportunity to opt-out and holding "[o]ur precedent squarely forecloses this argument").

As one district court recently explained:

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Regarding Rule 23(e)(4)'s opportunity to seek exclusion, Ninth Circuit authority supports that no such option should be permitted when Class Members had an opportunity to seek exclusion previously. *See, e.g., Low v. Trump Univ.*, LLC, 881 F.3d 1111, 1121 (9th Cir. 2018). Here, the Class Members were previously offered the opportunity in the original class notices to either remain in the case or seek exclusion. (*See* Doc. No. 206-1 at 26.) The Class Members were explicitly notified that if they remained in the case, their decision will be final and binding, and Class Members will not be able to change their mind later and request exclusion. (*Id.*) As the Class Members were previously given an opportunity to seek exclusion, a second opportunity is not needed.

*Moorer v. StemGenex Med. Grp., Inc.*, No. 16-CV-02816-AJB-AHG, 2021 WL 4993054, at *6 (S.D. Cal. Oct. 26, 2021); *see also Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2020 WL 818893, at *5 (S.D. Cal. Feb. 19, 2020) (declining to order a second opt-out period); *Wright v. Renzenberger, Inc.*, No. CV136642FMOAGRX, 2019 WL 8163480, at *7 n.9 (C.D. Cal. Nov. 25, 2019) (same); *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 06-0620, 2020 WL 5211035, at *13 (E.D. Pa. Sept. 1, 2020) (same).

The same analysis applies here. The Class Members in this case were given an opportunity to opt-out when the Class was certified, two potential class members in fact did so, the Class Members were apprised that they would be bound by any later judgment in the case, and there is no evidence of flaws or difficulties in the earlier notice process that would warrant a second opt-out period now. Instead, the Class Members' rights are sufficiently protected by the adequate representation provided by the Class Representative, clear Notice regarding the proposed settlement, the right to object to the proposed settlement, and the need for Court review and approval of the settlement. *See Low*, 881 F.3d at 1121-22.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 18
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

For these reasons, the Court should not require a second opt-out period and should allow deletion from the proposed Class Notice of all highlighted references to a second opt-out period.

**E.      Final Approval Hearing**

Finally, Rule 23(e) contemplates a final approval hearing following notice and an opportunity for class members to object. The Settlement Agreement provides that the Settlement Administrator will mail the notice within 30 calendar days of the Order granting preliminary approval to the Settlement, and that Class Members will have 30 days from then to file objections. A Final Fairness Hearing scheduled at least 75 days from the Preliminary Approval Order will allow adequate time to notify the Class, receive and review objections, and prepare the motion for final approval. Plaintiff therefore respectfully requests that the Court set a final approval hearing 75 days after entry of the Order granting preliminary approval to the Settlement or as soon thereafter as the Court's calendar permits and permit Plaintiff to file his motion for final approval seven (7) calendar days prior to the hearing.

## IV.   CONCLUSION

Plaintiff respectfully requests that the Court enter the accompanying proposed order preliminarily approving the Settlement Agreement, approving the proposed notice, and setting a date for a Final Fairness Hearing.

///

///

///

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 19
(Case No. 2:19-cv-00514-RAJ)

DATED this 11th day of January, 2022.

SCHROETER GOLDMARK & BENDER

_s/ Adam J. Berger_
ADAM J. BERGER, WSBA #20714
JAMAL N. WHITEHEAD, WSBA #39818
Counsel for Plaintiff
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email: berger@sgb-law.com
           whitehead@sgb-law.com

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 20
(Case No. 2:19-cv-00514-RAJ)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, I electronically filed the foregoing pleading and attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel For: Defendant*
Adam T. Pankratz
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
adam.pankratz@ogletree.com

*Counsel For: Defendant*
Peter O. Hughes (pro hac vice)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
peter.hughes@ogletree.com

DATED:          January 11, 2022, at Vashon, Washington.

*s/ Mary Dardeau*
Mary Dardeau, Legal Assistant
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email:  dardeau@sgb-law.com

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND PETITION FOR
ATTORNEYS' FEES AND COSTS - 21
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305