The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN MARTIN,<br><br>        Plaintiff,<br><br> v.<br><br>JOHNSON CONTROLS FIRE PROTECTION, LP,<br><br>        Defendant. | No. 2:19-cv-00514-RAJ<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>NOTED FOR MOTION CALENDAR: JULY 29, 2022<br>HEARING TIME: 2:30 P.M. |

## I. INTRODUCTION

Pursuant to FRCP 23(e), named Plaintiff and designated class representative Brian Martin respectfully moves the Court for final approval of the class action settlement preliminarily approved by this Court on April 7, 2022 (Dkt. #52), and for entry of the proposed order submitted with these papers. Defendant has reviewed this motion and does not oppose it.

## II. BACKGROUND

The factual and procedural background of the case and description of the settlement terms are set forth in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Petition for Attorneys' Fees and Costs ("Preliminary Approval Motion")

(Dkt. #50) and accompanying Declaration of Adam J. Berger (Dkt. #51) filed on January 11, 2022.

As required by the Court's Preliminary Approval Order dated April 7, 2022 (Dkt. #52), the Third Party Administrator, ILYM Group, Inc. distributed the approved Settlement Class Notice ("Notice") to all Class Members. Declaration of Lluvia Islas ("Islas Decl."), ¶¶4-8. The first mailing occurred on May 9, 2022 and gave individuals 30 days to submit any objections. *Id.* Of the 153 Notices mailed, 22 of them were returned as undeliverable without forwarding addresses. After performing a skip trace, ILYM was able to obtain new addresses and remail notice to four individuals. *Id.*, ¶¶9-10. No individuals have lodged objections to any terms of the settlement or indicated an intent to appear at the final approval hearing. *Id.*, ¶11; Second Declaration of Adam J. Berger in Support of Approval of Class Action Settlement, ¶2.

### III.    DISCUSSION

**A.    The Court Should Grant Final Approval Of The Proposed Settlement.**

The standard of review for final approval of a class action settlement and factors supporting final approval in this case were addressed in the Preliminary Approval Motion. There have been no new developments since the Court's April 7, 2022 Order granting preliminary approval that call into question the fairness, reasonableness, or adequacy of the settlement.

In addition, no Class Member has lodged any objection to any element of the settlement. Lluvias Dec., ¶11; Second Berger Dec., ¶2.

**B.     The Requested Attorneys' Fees And Litigation Costs Are Reasonable And Should Be Approved.**

As discussed in the Preliminary Approval Motion, Class Counsel seek an attorneys' fee award of 25% of the Gross Settlement Fund, or $397,500, plus actual litigation costs of $34,354.16, to be paid out of the Gross Settlement Fund. Defendant does not object to this award. *See* Second Berger Dec. ¶¶3-4 & Ex. 1 (updating cost figures). Further, all Class Members were informed in the Notice that Class Counsel would seek this award and no individual has objected to it.

The requested fee and cost award is reasonable, whether based on a "percentage of recovery" analysis or counsel's lodestar. The choice between the two methods "depends on the circumstances," with the percentage approach ordinarily applied to common fund cases and the lodestar method more often used where the claims at issue involve statutory attorneys' fees. *Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450-51 (Wash. 1993).[1] Under either method, recovery for the Class at this stage of the litigation weighs in favor of the proposed attorneys' fee and cost award. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles*, 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047. The requested fee award is also approximately four times counsel's lodestar, *see* Second

---

[1] In assessing reasonableness, this Court looks to Washington law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 3
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

Berger Dec. ¶3, consistent with the range of multipliers that the Ninth Circuit and this district have found appropriate when cross-checking the reasonableness of a percentage-based fee. *See Vizcaino*, 290 F.3d at 1051 n.6 (approving common fund percentage fee that was 3.65 times lodestar, and finding most cases fell between one and four times lodestar) (citing *In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283, 341 (3d Cir. 1998), and 3 Newberg on Class Actions § 14.03 at 14-5). Further, the litigation costs of $34,354.16, consisting mostly of expert witness fees, were all necessary to successful prosecution of this action and are relatively modest compared to the recovery for the class and the scope of the proceedings. *See* Second Berger Dec. ¶4 & Ex. 1. Given the favorable result for Class Members in this case, the time and effort expended by Class Counsel in litigating the case, and the importance of Class Counsel's skill and experience in this arena to obtain this result, the requested award is appropriate and should be approved.

**C.     The Requested Class Representative Award Is Reasonable And Should Be Approved.**

Class Counsel also asks the Court to award the named Plaintiff Brian Martin an additional $20,000 for his time and efforts in representing the Class and his grant of a general release to Johnson Controls. Such treatment of settlement class representatives is fair and reasonable and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at *34-38 (W.D. Wash. March 26, 2001).

Here, the incentive payments recognize, among other things, the benefits obtained for the Class through Mr. Martin's efforts and the time devoted to the case, as described in detail in the Preliminary Approval Motion. Finally, as with all elements of the settlement, the proposed incentive payment was disclosed in the Notice and no Class Member has objected

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 4
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

to it. For these reasons, the incentive award of $20,000 to Mr. Martin is reasonable and should be approved.

### IV.    CONCLUSION

For the reasons stated here and in the Preliminary Approval Motion filed with this Court on January 11, 2022, Plaintiff respectfully submits that the Court should enter the accompanying proposed Final Approval Order, granting approval of the settlement, awarding attorneys' fees and costs to Class Counsel, and awarding the named Plaintiff a $20,000 incentive award.

DATED this 22nd day of July, 2022.

SCHROETER GOLDMARK & BENDER

*s/ Adam J. Berger*
Adam J. Berger, WSBA #20714
Counsel for Plaintiff
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email: berger@sgb-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel For: Defendant*
Adam T. Pankratz
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
adam.pankratz@ogletree.com

*Counsel For: Defendant*
Peter O. Hughes (pro hac vice)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
peter.hughes@ogletree.com

DATED:     July 22, 2022, at Vashon, Washington.

*s/ Mary Dardeau*
Mary Dardeau, Legal Assistant
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email:  dardeau@sgb-law.com