The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN MARTIN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS FIRE PROTECTION, LP,<br><br>Defendant. | No. 2:19-cv-00514-RAJ<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE AND FINAL JUDGMENT<br><br>[CLERK'S ACTION REQUIRED] |

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The Court has considered all papers submitted by the parties in connection with the proposed settlement, including the instant motion, the supporting declarations of Lluvia Islas and Adam J. Berger, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Petition for Attorneys' Fees and Costs (Dkt. #50) ("Preliminary Approval Motion"), the Declaration of Adam J. Berger in support of preliminary approval (Dkt. #51) and exhibits attached thereto. In addition to the parties' materials, the Court held a hearing on July 29, 2022. The Court, having heard all persons properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed Settlement and the oral presentations of counsel, having considered all applicable law, and having considered any objections made properly to the proposed Settlement, hereby GRANTS

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and ORDERS as follows:

1. The Court's prior order of April 7, 2022, granting preliminary approval of the class action settlement (Dkt. #52) ("April 7 Order") and the parties' Settlement Agreement, including the terms defined therein and all exhibits thereto, are incorporated herein by reference.

2. The Court finds it has jurisdiction over the subject matter of this action and the parties, including all members of the Class who have not opted out of the matter.

3. The Court approves the Settlement, finding that it is fair, reasonable, and adequate to members of the Class, and consistent and in compliance with all requirements of Washington and federal law, for the reasons set forth in the Preliminary Approval Motion (Dkt. #50) and in Plaintiff's Motion for Final Approval.

4. The Court finds that the Notices mailed to members of the Class at their last known addresses provide the best notice practicable under the circumstances and that the Notices were mailed in accordance with the Court's April 7 Order.  The Notices given to the Class Members fully complied with Rule 23, were the best notices practicable, were reasonably calculated under the circumstances to apprise members of the Class of their rights with respect to the settlement, and satisfied all applicable requirements of constitutional due process and any other applicable requirements under Washington and federal law.

5. No objections to the terms of the Settlement have been communicated to the Third Party Settlement Administrator, Class Counsel, or filed with the Court.

[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT - 2
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

6. The Court finds that Plaintiff Brian Martin and Class Counsel Schroeter Goldmark & Bender adequately represented the Class for purposes of entering into and implementing the Settlement.

7. The Court finds that Class Counsel's request for an award of attorneys' fees and costs is fair and reasonable, and hereby approves the request for an attorneys' fee award of 25% of the Gross Settlement Fund, or $397,500.00, plus litigation costs of $34,354.16. The fee award is within the range of reasonable percentage awards in common fund cases. Counsel's declarations and the detailed billings attached to them demonstrate the time expended on the matter and a break-down of costs incurred. Such records show that Class Counsel has devoted substantial time and effort toward pursuing Class Members' claims. Counsel has done so on a contingent-fee basis, meaning they so far have not been paid for over three years of litigation. Such risk in pursuing a wage and hour case supports a percentage rate of 25%. The result achieved also supports the award. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). A lodestar cross-check further supports the attorney fee award as it is approximately four times counsel's lodestar. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051, n.6 (9th Cir. 2002) (approving common fund percentage fee that was 3.65 times lodestar, and finding most cases fell between one and four times lodestar). Finally, the Court finds the hourly rates of Settlement Class Counsel and staff as described in the Preliminary Approval Motion and accompanying declaration of counsel for the lodestar cross-check are reasonable and within usual market rates.

8. The Court approves payment in the amount of $20,000 to the named Plaintiff as a Class Representative Award for his service on behalf of the Class.

[~~PROPOSED~~] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT - 3
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

9. The parties are hereby directed to proceed with the settlement payment procedures specified under the terms of the Settlement Agreement.

10. The Settlement Agreement is binding on all Class Members, as defined in the parties' Settlement Agreement. Plaintiff Brian Martin and the Class Members are bound by the Release of Claims set forth in Paragraphs 23 and 24 of the Settlement Agreement, and are enjoined from maintaining, prosecuting, commencing, or pursuing any claim released under the Settlement Agreement, and are deemed to have released and discharged the Defendant and Released Parties from any such claims.

11. The Court reserves jurisdiction over the parties as to all matters relating to the administration, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purposes.

12. Neither this Final Order and Judgment, nor any aspect of this settlement, is to be offered as evidence of, or construed or deemed as an admission of, liability, culpability, negligence, or wrongdoing on the part of Defendant or its employees or agents.

13. The parties are authorized, without further approval from the Court, to mutually agree to and adopt any technical or process amendments or modifications to the Settlement Agreement provided such changes are: (i) consistent with this Order; (ii) consistent with the intent of the Settlement Agreement; and (iii) do not limit any substantive rights of the Class.

14. In the event the Settlement does not become effective, this Order shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void.

15. This case, including all individual and class claims presented thereby, is

[~~PROPOSED~~] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT - 4
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

hereby DISMISSED with prejudice, with each party to bear his, her, or its own fees and costs, except as set forth herein.

16. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED this 29th day of July 2022.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

Presented by:

SCHROETER GOLDMARK & BENDER

*s/ Adam J. Berger*
Adam J. Berger, WSBA #20714
401 Union Street, Suite 3400
Seattle, WA 98101
Phone: (206) 622-8000
berger@sgb-law.com

*Attorneys for Plaintiff*

Approved as to form; approved for entry by:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Adam T. Pankratz*
Adam T. Pankratz
1201 Third Avenue, Suite 5150
Seattle, WA 98101
adam.pankratz@ogletree.com

*Attorneys for Defendant*

[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT - 5
(Case No. 2:19-cv-00514-RAJ)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305